CARTER, executor, *v.* CARLISLE.

A petition for accounting of one sixth interest in the proceeds of land sold was not subject to demurrer for want of equity and a cause of action, and of legal capacity in the plaintiff to maintain the suit; the alleged grounds of which action were (in brief), that the plaintiff was entitled to that interest by descent from the deceased father of herself and of the defendant's testator, who fraudulently caused an attachment to be levied on the land and became the purchaser of it at sale under the attachment judgment, assuring the plaintiff that he was acting for her benefit and held the title in his name for her benefit, and that as soon as the land could be sold he would account to her for her interest; but that afterward he fraudulently sold the land, for less than its value, to a purchaser without notice.

No. 1762. SEPTEMBER 29, 1920.

Equitable petition. Before Judge Pendleton. Fulton superior court. November 11, 1919.

*E. V. Carter* and *Westmoreland & Smith,* for plaintiff in error.
*H. A. Alexander* and *Rosser, Slaton, Phillips & Hopkins,* contra.

FISH, C. J. Charles E. Seidell, a resident of the State of Maryland, was the sole owner of the capital stock of the Kings Mount Gold Mining Company, a corporation. The corporation owned a tract of land in Hart county, Georgia. It owed no debts. Charles E. Seidell died intestate in 1887, owing no debts. The land had been acquired originally as a mining enterprise, but the enterprise had failed, and the lands were held for agricultural purposes. Seidell's heirs at law were his widow and four children, three of the children being by a former wife, and the fourth, Mrs. Mary V. Carlisle, being the daughter of the surviving widow. Under the laws of Maryland the capital stock of the corporation, on the death of Seidell intestate, descended one

third to his widow, and the remainder in four equal one-sixth shares to his four children. Prior to the death of Seidell, his son, Charles W. Seidell, resided in Hart County, and had the management and control of the land held in the name of the mining company. After the death of Charles E. Seidell, Charles W. Seidell continued in the care of the said property as the agent and representative of the company. On August 22, 1893, without notice to the company or to those jointly interested with himself in the property, Charles W. Seidell sued out an attachment against the company, upon the ground that it was a non-resident of the State. The attachment was levied upon the land in Hart county. The declaration in attachment averred that the company was indebted to Charles W. Seidell for salary in a sum stated. Mrs. Charles E. Seidell, the widow of intestate, employed counsel to arrest the attachment proceedings, and Charles W. Seidell paid to her a sum of money in settlement of her interest in the land. Thereafter, in 1895, the land was sold under the attachment judgment, and Charles W. Seidell, the agent in charge of the corporation, became the purchaser. Mrs. Carlisle also knew of the attachment and of the sale of the land, but took no steps to protect her interest, upon the assurance of Charles W. Seidell that he was acting for the benefit of petitioner; that, while he then held title to the land in his own name, he held the same for her benefit; and that as soon as the land could be sold he would account to her for her interest therein. Mrs. Carlisle was a non-resident of the State, and saw Charles W. Seidell only occasionally. He nevertheless assured her that her interest in the land was being well cared for, and that she would profit by the delay in the sale of the land. These assurances were made by Charles W. Seidell until his death, which occurred in Atlanta, Georgia, in 1913. Charles W. Seidell died testate; and the present suit is by Mrs. Carlisle against his executor, for the recovery of the value of her one-sixth interest in the land mentioned. In addition to the foregoing, the petition alleged that subsequently to the death of Charles W. Seidell, the plaintiff discovered that he and his wife (in whose name the property had been previously placed) had sold the land to a purchaser without notice, for the sum of $7,500. This sale was made in 1904; the purchase-money was paid and the deed executed in 1908. The real

value of the land was $25,000, and petitioner's interest therein was $4,166. The sale of the land below its value was fraudulently made. The petition charged Charles W. Seidell with actual fraud in suing out the attachment, selling the land, and purchasing the same in his own name. It also charged that the subsequent sale of the land and the concealment thereof from the plaintiff was wilfully and intentionally fraudulent, and that all his acts and doings in the premises, including his promise to account to petitioner for her one-sixth interest in the land, were intentionally and fraudulently made and done at the time, and in furtherance of his originally fraudulent scheme to appropriate the interest of petitioner in the land to his own use. Plaintiff prayed that defendant be required to account to her for her one-sixth interest in the proceeds of the land, on the basis of its actual value. To the petition the defendant demurred upon the grounds: (1) that the petition is without equity and sets forth no cause of action, and (2) that the plaintiff had not legal capacity to maintain the suit. The demurrer was overruled, and the defendant excepted.

The court did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*